FILED

13 OCT 28 AM 9:28

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ Kim _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BARRETT, *individually and on behalf of others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>WESLEY FINANCIAL GROUP, LLC,<br><br>Defendant. | CASE NO. 13cv0554-LAB(KSC)<br><br>**ORDER DENYING *EX PARTE* MOTION TO EXTEND CERTAIN DATES**<br><br>[Doc. No. 17] |

On October 22, 2013, plaintiff filed an *Ex Parte* Motion to Extend Fact and Class Discovery Cut-off and Deadline to File Motion for Certification. [Doc. No. 17] Specifically, plaintiff seeks to continue the deadline for class discovery[1] by 120 days and the deadline for filing a Class Certification Motion by 90 days. [Doc. No. 17, p. 2] As support for this request, plaintiff states that on September 12, 2013, it "learned for the first time from [d]efendant that that (sic) VoiceLogic was the entity that actually made the calls at issue in this case (allegedly on behalf of Wesley), and therefore,

---

[1] Plaintiff improperly mis-characterizes the current October 30, 2013 deadline as applying to both fact and class discovery. However, according to this Court's July 30, 2013 Order Setting Initial Dates, "Fact and class discovery are not bifurcated but class discovery shall be completed by all parties on or before October 30, 2013." [Doc. No. 14, p. 1 (emphasis omitted)] The Court intended for this to mean that only class discovery closes on October 30, 2013, but did not bifurcate discovery so as to allow for fact discovery to occur concurrently during that time period. Once the issue of Class Certification is decided, the Court will set the balance of the dates, including deadlines for fact and expert discovery.

13cv0554-LAB(KSC)

1   VoiceLogic is a necessary party." [Doc. No. 17, p. 2] In addition, plaintiff takes issue

2   with certain discovery responses defendant has allegedly yet to provide. [Doc. No. 17,

3   p. 3]  For the reasons articulated in greater detail below, plaintiff's *Ex Parte* Motion

4   [Doc. No. 17] is **DENIED**.

5        District Courts have broad discretion to supervise the pre-trial phase of litigation

6   and to "manage the discovery process to facilitate prompt and efficient resolution of

7   the lawsuit." *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998).  Scheduling Orders are

8   issued pursuant to Federal Rule of Civil Procedure 16(b) to limit the time to join other

9   parties, amend the pleadings, complete discovery, and file motions.  FED.R.CIV.P.

10  16(b)(1)-(3).  Once in place, "[a] schedule may be modified only for good cause and

11  with the judge's consent." FED.R.CIV.P. 16(b)(4).  The "good cause" requirement of

12  Rule 16 primarily considers the diligence of the party seeking the amendment. *Johnson*

13  *v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992).  "The district court

14  may modify the pretrial schedule if it cannot reasonably be met despite the diligence

15  of the party seeking the extension." *Id.* (internal citation and quotation marks omitted).

16        Here, plaintiff seeks to modify the pretrial schedule.  However, based on the

17  record presently before the Court, plaintiff has failed to demonstrate good cause to

18  justify modification of the Court's current schedule [Doc. No. 14].  Procedurally,

19  plaintiff failed to adequately meet and confer and submit a Joint Motion as required.

20  Crawford Chamber Rule IV(C) ("Any requests for extensions must be preceded by a

21  'meet and confer' conference by counsel.").  To qualify as a proper meet and confer,

22  "[i]f counsel are located in the same district, the meet and confer must be in person. If

23  counsel are located in different districts, then telephone or video conference may be

24  used for meet and confer discussions. In no event will meet and confer letters,

25  facsimiles or emails satisfy this requirement."   Crawford Chamber Rule V(B).

26  Furthermore, the Chamber Rules of the undersigned Magistrate Judge express a

27  preference for these requests to come in the form of a Joint Motion, "even if the parties

28  disagree." Crawford Chamber Rule IV(C).

1    In this case, nothing contained in plaintiff's October 22, 2013 *ex parte* Motion
2 indicates that proper meet and confer efforts were undertaken.  Although counsel of
3 record are located in different districts, nothing in the moving papers or attached
4 declarations indicates that any additional steps where taken beyond attempted email
5 correspondence. "In no event will meet and confer ... emails satisfy this requirement."
6 Crawford Chamber Rule V.(B).

7    Furthermore, the record evidences a lack of diligence in the prosecution of this
8 case.  This action was filed on March 11, 2013 [Doc. No. 1], an Answer filed on May
9 9, 2013, and a telephonic Early Neutral Evaluation Conference held on June 12, 2013
10 [Doc. No. 11].  Following the ENE, the Court set certain Rule 26 dates, including
11 deadlines for a Rule 26(f) Conference, the lodging of a Joint Discovery Plan with the
12 Court, and initial disclosures pursuant to Rule 26(a)(1)(A-D). [Doc. No. 12] While all
13 of these deadlines fell in July of 2013 [Doc. No. 12], plaintiff states that it was not until
14 September 12, 2013 that it learned that VoiceLogic was the entity that actually made
15 the calls at issue in this litigation. [Doc. No. 17, p. 2] Despite this, plaintiff thereafter
16 waited over 30 days to file its October 15, 2013 Motion for Leave to File Amended
17 Complaint for the purpose of adding VoiceLogic as a party to this litigation. [Doc. No.
18 16] This does not constitute due diligence.

19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Unless and until VoiceLogic is added as a party to this litigation, plaintiff's request to modify the existing schedule appears premature and lacking good cause. Because plaintiff fails to articulate good cause, and because the parties failed to satisfy the meet and confer obligations and Joint Motion filing procedure under the Chamber Rules of the undersigned Magistrate Judge, plaintiff's *ex parte* Motion [Doc. No. 17] is **DENIED without prejudice**. The dates contained in this Court's July 30, 2013 Order Setting Initial Dates [Doc. No. 14] remain in effect. To the extent that plaintiff's pending Motion for Leave to File Amended Complaint [Doc. No. 16] is granted, the Court will consider a renewed Motion to extend discovery upon a showing of good cause. Lastly, to the extent that the *ex parte* Motion presently before the Court is a request to extend plaintiff's period to object to defendant's alleged failure to respond to certain discovery requests by plaintiff [Doc. No. 17, p. 2, lines 14-19], the Court refrains from considering such a request without a showing regarding the meet and confer efforts and presentation in the form of a separate Joint Motion.

**IT IS SO ORDERED.**

Date: October  25 , 2013

KAREN S. CRAWFORD
United States Magistrate Judge

13cv0554-LAB(KSC)