

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BARRETT, *individually and on behalf of others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>WESLEY FINANCIAL GROUP, LLC; and, VOICELOGIC,<br><br>Defendants. | CASE NO. 13cv0554-LAB(KSC)<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST TO EXTEND CERTAIN DATES**<br><br>[Doc. No. 26] |

On December 11, 2013, the parties filed a Joint Motion Regarding Plaintiff's Request to Modify Order Setting Initial Dates. [Doc. No. 26] Specifically, plaintiff seeks to continue the deadline for class discovery from October 30, 2013 to February 28, 2014, and the deadline for filing a Class Certification Motion from January 10, 2014 to March 28, 2014. [Doc. No. 26, p. 2] Plaintiff's requested extension is premised on the recent addition of VoiceLogic as a defendant in this action. Defendants resist any extension to the dates, arguing that plaintiff has not been diligent in pursuing class discovery and that any delay will cause further financial prejudice to defendant Wesley Financial in its defense of this action. [Doc. No. 26, pp. 11-12]

This constitutes the second time this issue has been presented to the Court. On October 28, 2013, the Court denied without prejudice plaintiff's October 22, 2013 *ex*

*parte* Motion seeking to extend the same dates. [Doc. No. 19] Identical to plaintiff's present request, the basis for plaintiff's prior request was the anticipated addition of VoiceLogic as a defendant in this action. In its prior Order denying plaintiff's requested extensions, this Court stated: "Unless and until VoiceLogic is added as a party to this litigation, plaintiff's request to modify the existing schedule appears premature and lacking good cause." [Doc. No. 19, p. 4] Further, this Court held, "To the extent that plaintiff's pending Motion for Leave to File Amended Complaint [Doc. No. 16] is granted, the Court will consider a renewed Motion to extend discovery upon a showing of good cause." *Id.* On November 12, 2013, a First Amended Complaint ("FAC") was filed, naming VoiceLogic as a defendant. [Doc. No. 20] On November 15, 2013, the Court granted plaintiff's October 15, 2013 *ex parte* Motion for Leave to File an Amended Complaint [Doc. No. 16], and accepted the November 12, 2013 FAC as filed. [Doc. No. 22]

District Courts have broad discretion to supervise the pre-trial phase of litigation and to "manage the discovery process to facilitate prompt and efficient resolution of the lawsuit." *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). Once in place, "[a] schedule may be modified only for good cause and with the judge's consent." FED.R.CIV.P. 16(b)(4). The "good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). As stated in the Court's prior Order on this topic:

> [P]laintiff has failed to demonstrate good cause to justify modification of the Court's current schedule [Doc. No. 14]. Procedurally, plaintiff failed to adequately meet and confer and submit a Joint Motion as required [by the Chamber Rules of the undersigned Magistrate Judge]. . . . Furthermore, the record evidences a lack of diligence in the prosecution of this case. This action was filed on March 11, 2013 [Doc. No. 1], an Answer filed on May 9, 2013, and a telephonic Early Neutral Evaluation Conference held on June 12, 2013 [Doc. No. 11]. Following the ENE, the Court set certain Rule 26 dates, including deadlines for a Rule 26(f) Conference, the lodging of a Joint Discovery Plan with the Court, and initial disclosures pursuant to Rule 26(a)(1)(A-D). [Doc. No. 12] While all of these deadlines fell in July of 2013 [Doc. No. 12], plaintiff states that it was not until September 12, 2013 that it learned that VoiceLogic was the entity that actually made the calls at issue in this litigation. [Doc. No. 17,

p. 2] Despite this, plaintiff thereafter waited over 30 days to file its October 15, 2013 Motion for Leave to File Amended Complaint for the purpose of adding VoiceLogic as a party to this litigation. [Doc. No. 16] This does not constitute due diligence.

[Doc. No. 19, pp. 2-3]

Notwithstanding plaintiff's lack of diligence, given the recent addition of VoiceLogic as a party to this litigation, good cause appears to extend the dates. In the interests of efficiency and economy, namely to avoid duplication of efforts and to streamline the class discovery process, a reasonable but limited extension to the dates is warranted. However, given the delays to date, and the potential prejudice to defendant Wesley Financial, <u>no further extensions to these dates will be granted absent new and good cause</u>. Accordingly, plaintiff's request is **GRANTED** and the dates contained in the Court's Order Setting Initial Dates [Doc. No. 14] will be amended as follows:

1. <u>Class Discovery Deadline</u>: **February 28, 2014**
2. <u>Class Certification Motion Filing Deadline</u>: **March 28, 2014**

Furthermore, counsel are advised to adopt a more civil, professional, and cooperative tone in their written and verbal communications. As required by the Chamber Rules of the undersigned Magistrate Judge, meet and confer efforts must be undertaken in-person or via telephone. Crawford Civil Chamber Rule V(B). Should the parties have additional scheduling difficulties, they are encouraged to diligently work together in good faith to resolve them.

**IT IS SO ORDERED.**

Date: December 19, 2013

KAREN S. CRAWFORD
United States Magistrate Judge