FILED

14 MAR 14 PM 2:42

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BARRETT, *individually and on behalf of others similarly situated*,<br><br>    Plaintiff,<br><br>vs.<br><br>WESLEY FINANCIAL GROUP, LLC; and, INFOLINK COMMUNICATIONS GROUP,<br><br>    Defendants. | CASE NO. 13cv0554-LAB(KSC)<br><br>**ORDER GRANTING REQUEST TO EXTEND CERTAIN DATES AS TO DEFENDANT INFOLINK**<br><br>[Doc. Nos. 38, 39] |

On February 25, 2014, plaintiff Timothy Barrett ("plaintiff") and defendant InfoLink Communications ("InfoLink")[1] filed a Joint *Ex Parte* Motion to Continue Deadline for Motion for Class Certification and Extend Class Discovery Cut-Off, seeking a 90 day extension to the two class-related dates. [Doc. No. 38] Defendant Wesley Financial Group ("Wesley") filed a separate Response in Opposition to the Joint *Ex Parte* Motion.[2] [Doc. No. 39] This constitutes plaintiff's third request to

---

[1] Initially, defendant InfoLink was erroneously sued as VoiceLogic. On February 4, 2014, the Clerk of Court was directed to correct the docket to reflect this change. [Doc. No. 33] For purposes of clarity and consistency, all references to this defendant in this Order will utilize InfoLink, even retroactively adjusting this use when referencing prior Court Orders and Motions pertaining to VoiceLogic.

[2] The Court notes Wesley's apparent failure to participate cooperatively in the meet and confer process and submit a Joint Motion as required. Crawford Chamber Rule IV(C) ("Any requests for extensions must be preceded by a 'meet and confer'

1  extend these deadlines. [Doc. Nos. 17, 18, 19, 26, 27] For the reasons outlined in greater detail below, the Joint *Ex Parte* Motion [Doc. No. 38] is **GRANTED** with respect to defendant InfoLink, but not as applied to defendant Wesley.

On October 22, 2013, plaintiff filed an *ex parte* Motion seeking to continue the deadline for class discovery by 120 days and the deadline for filing a Class Certification Motion by 90 days. [Doc. No. 17] On October 28, 2013, the Court denied plaintiff's request without prejudice for failing to demonstrate good cause for the extensions, and for failing to adequately meet and confer with opposing counsel and submit the request in the form of a Joint Motion as required by the Chamber Rules of the undersigned Magistrate Judge. [Doc. No. 19] In its October 28, 2013 Order, the Court found that "the record evidences a lack of diligence [by plaintiff] in the prosecution of this action," held that "[u]nless and until [InfoLink] is added as a party to this litigation, plaintiff's request to modify the existing schedule appears premature and lacking good cause[,]" and instructed the parties that it would "consider a renewed Motion to extend [class] discovery upon a showing of good cause" should plaintiff successfully add InfoLink as a party to this action. [Doc. No. 19, pp. 3-4] InfoLink was added as a party to this action on November 15, 2013 when the Court granted [Doc. No. 22] plaintiff's October 15, 2013 Motion for Leave to File an Amended Complaint [Doc. No. 16], accepting plaintiff's November 13, 2013 First Amended Complaint [Doc. No. 20] as filed.

On December 12, 2013, the parties submitted a renewed Joint Motion Regarding Plaintiff's Request to Modify Order Setting Initial Dates. [Doc. No. 26] Again, plaintiff

---

conference by counsel."). To qualify as a proper meet and confer, "[i]f counsel are located in the same district, the meet and confer must be in person. If counsel are located in different districts, then telephone or video conference may be used for meet and confer discussions. In no event will meet and confer letters, facsimiles or emails satisfy this requirement." Crawford Chamber Rule V(B). Furthermore, the Chamber Rules express a preference for these requests to come in the form of a Joint Motion, "even if the parties disagree." Crawford Chamber Rule IV(C). The purpose of the joint filing requirement is to promote judicial efficiency and economy by having all arguments and necessary support contained within one operative document, thereby facilitating this Court's expeditious review of the entire dispute.

1  sought to continue the deadline for class discovery by 120 days and the deadline for
2  filing a Class Certification Motion by 90 days. [Doc. No. 26] On December 19, 2013,
3  the Court granted plaintiff's request. [Doc. No. 27] In so doing, the Court found that
4  "[n]otwithstanding plaintiff's lack of diligence," the recent addition of defendant
5  InfoLink provided good cause to extend the dates. [Doc. No. 27, p. 3] The Court
6  concluded:, "However, given the delays to date, and the potential prejudice to
7  defendant Wesley Financial, <u>no further extensions to these dates will be granted, absent
8  new and good cause</u>." [Doc. No. 27, p. 3 (emphasis in original)]

9       In the request presently before the Court, plaintiff and defendant InfoLink seek
10 an additional 90 days to the class discovery and class certification filing deadlines.
11 [Doc. No. 38] As grounds for the requested extensions, plaintiff and InfoLink cite a
12 potential conflict of law issue stemming from InfoLink's status as a Canadian
13 corporation. "As a Canadian corporation operating and headquartered in Ontario,"
14 InfoLink must "conduct its business in conformance with the laws of both the province
15 of Ontario and the country of Canada. Two Canadian laws impact InfoLink's ability
16 to disclose documents and information in a foreign jurisdiction without first following
17 certain procedural and substantive safeguards." [Doc. No. 38, pp. 3-4] InfoLink "does
18 not want to be placed in [the] position of having to violate the laws of one nation
19 simply to comply with the laws of another." [Doc. No. 38, p. 6]

20      Wesley opposes any additional extensions to discovery as applied to it, citing
21 plaintiff's lack of diligence, and the additional expense and prejudice of further-
22 protracted class discovery, and argues that Wesley has been responsive and cooperative
23 with all of plaintiff's discovery requests to date. [Doc. No. 39] Wesley, however, does
24 not oppose an extension of the class discovery dates as between InfoLink and plaintiff,
25 and represents to the Court, based on its discussions with InfoLink, that InfoLink "does
26 not wish to extend the discovery deadlines towards Wesley. Instead InfoLink only
27 intended to join [p]laintiff's Motion as it applies to deadlines for discovery between
28 InfoLink and [p]laintiff and as to the Class Certification Deadline." [Doc. No. 39, p.

3]

District Courts have broad discretion to supervise the pre-trial phase of litigation and to "manage the discovery process to facilitate prompt and efficient resolution of the lawsuit." *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). Once in place, "[a] schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The "good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992).

"While Wesley agrees that the addition of VoiceLogic/InfoLink creates cause for the extension of deadlines as to the new party, it does not create new and good cause as to the extension of deadlines as to Wesley." [Doc. No. 39, p. 3] This Court agrees. Good cause appears to extend the deadline for class discovery as it applies to InfoLink. The late addition of InfoLink, coupled with the Canadian law issue raise in the Joint *Ex Parte* Motion, supply grounds for such an extension. However, these same reasons do not provide grounds for further extending class discovery with respect to Wesley. Plaintiff's documented lack of diligence [Doc. Nos. 19, pp. 2-3; Doc. No. 27, pp. 2-3], along with the potential prejudice to Wesley, render any additional extensions towards Wesley lacking in good cause.

Accordingly, and for the reasons outlined above, the Joint Ex Parte Motion [Doc. No. 38] is **GRANTED**, and the dates are established and adjusted as follows:

1.  <u>Class Discovery Deadline - Wesley</u>:         February 28, 2014
2.  <u>Class Discovery Deadline - InfoLink</u>:        May 30, 2014
3.  <u>Class Certification Motion Filing Deadline</u>: June 20, 2014

**IT IS SO ORDERED**.

DATE: March  14 , 2014

KAREN S. CRAWFORD
United States Magistrate Judge