**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TIMOTHY BARRETT, Individually and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br>**v.**<br><br>**WESLEY FINANCIAL GROUP, LLC,**<br><br>**Defendant.** | Case No.: 3:13-cv-00554-LAB-KSC<br><br>**CLASS ACTION**<br><br>**Second Amended Complaint For Damages and Injunctive Relief Pursuant To The Telephone Consumer Protection Act, 47 U.S.C § 227 et seq.**<br><br>**Jury Trial Demanded** |

KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626

## INTRODUCTION

1. TIMOTHY BARRETT ("Plaintiff") brings this Second Amended Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of WESLEY FINANCIAL GROUP, LLC (hereinafter "Wesley Financial") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The Ninth Circuit recently affirmed certification of a TCPA class action remarkably similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, __ F.3d__, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in the State of California, the harm to Plaintiff occurred in the State of California and within the County of San Diego, and Wesley Financial is subject to personal jurisdiction in the County of San Diego and within this judicial district because they conduct business there.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

6. Plaintiff is informed and believes, and thereon alleges, that Wesley Financial is, and at all times mentioned herein was, a corporation whose primary corporate address is in Tennessee. Wesley Financial, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39). Plaintiff alleges that at all times relevant herein Wesley Financial conducted business in the State of California and in the County of San Diego, and within this judicial district.

7. Plaintiff is informed and believes, and thereon alleges that INFOLINK COMMUNICATIONS GROUP a/k/a VOICELOGIC (hereinafter "InfoLink") is, and at all times mentioned herein was, a Canadian corporation with an office in Saint Paul, Minnesota. InfoLink, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39). Plaintiff alleges that at all times relevant herein InfoLink conducted business in the State of California and in the County of San Diego, and within this judicial district.

8. Since 1993, InfoLink has been a pioneer in the area of new marketing technologies, providing highly effective Call Center services for the purposes of generating sales, business leads, and event attendance.

9. Upon information and belief, Wesley Financial paid InfoLink to make automated telephone calls to prospective customers from several different timeshare companies using various prerecorded voice messages starting in or around November of 2012.

10. Upon information and belief, Wesley Financial hired Michael Thomas Bowling as an employee in or around September of 2012 to, among other things, upload telephone numbers from Wesley Financial's leads list to the website platform for InfoLink, which telephone numbers InfoLink then called by automated means and with one or more prerecorded voice messages supplied by Wesley Financial.

KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626

## FACTUAL ALLEGATIONS

11. At all times relevant, Wesley Financial and InfoLink conducted business in the State of California and in the County of San Diego, and within this judicial district.

12. At no time did Plaintiff provide Plaintiff's cellular telephone number to Wesley Financial or InfoLink.

13. At no time did Plaintiff ever enter into a business relationship with Wesley Financial or InfoLink.

14. On or about March 1, 2013, at approximately 9:10 a.m. (PST), Plaintiff received a telephone call on his cellular telephone from InfoLink at the request of Wesley Financial. On information and belief, the purpose of this telephone call was to solicit business from Plaintiff regarding a timeshare.

15. Plaintiff listened to the prerecorded message and pushed number one (1) on Plaintiff's cell phone to speak to a representative, per instructions during the automated call, to inquire about details regarding the automated call.

16. Plaintiff was then connected with a male representative of Wesley Financial. Plaintiff asked Wesley Financial's representative for the name of the company, and Wesley Financial's representative informed Plaintiff that he was calling from "Wesley Financial."

17. Towards the end of the telephonic conversation with Wesley Financial's representative, Plaintiff asked the representative whether the call was being recorded for some reason, at which time the Wesley Financial's representative ended the telephone call without providing a response to Plaintiff's inquiry. Upon information and belief, Wesley Financial audio records all of its telephone conversations, including the telephone conversation with Plaintiff.

18. Upon information and belief, InfoLink was the entity that actually made the telephone calls to Plaintiff on behalf of Wesley Financial after Wesley

KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626

Financial opened an account with InfoLink with the assistance and express permission of Wesley Financial's owner Chuck McDowell.

19. Wesley Financial, through InfoLink, contacted Plaintiff on Plaintiff's cellular telephone attempting to sell him services via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1) using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

20. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21. The telephone number used by InfoLink to call Plaintiff's cellular telephone number was displayed as (206) 337-1111, which telephone number is assigned to, owned by, or otherwise used by InfoLink.

22. The telephone number Wesley Financial, through InfoLink, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

23. Plaintiff's cellular telephone number called by Wesley Financial, through InfoLink, ended in "8824."

24. This telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

25. Plaintiff did not provide Wesley Financial or InfoLink prior express consent to receive calls, including unsolicited calls, to his cellular telephone via and ATDS or with artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

26. This automated telephone call by Wesley Financial, through its agent InfoLink, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action against Wesley Financial on behalf of himself and on behalf of all others similarly situated (the "Class").

28. Plaintiff represents and is a members of the Class, which includes:

> All persons who, on March 1, 2013, received at least one call made to a number assigned to a cellular telephone service, from InfoLink Communications Group on behalf of Wesley Financial Group, LLC using an automatic telephone dialing system and/or an artificial or prerecorded voice, who were not customers of Wesley Financial Group, LLC, and who were not called for emergency purposes and had not given prior express consent to the call.

29. Wesley Financial and its employees or agents are excluded from the Class. Plaintiff believes the members of the Class number in the several thousands. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

30. Plaintiff and members of the Class were harmed by the acts of Wesley Financial in at least the following ways: Wesley Financial, either directly or through its agent, illegally contacted Plaintiff and the members of the Class via their cellular telephones thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, by having to retrieve or administer messages left by Wesley Financial or its agent during those illegal calls, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the class members were damaged thereby.

31. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand or modify the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626

32. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Wesley Financial's records, Wesley Financial's agent's records, and through public notice.

33. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual members of the Class, including but not limited to the following:

a. Whether, within the four years prior to the filing of the Complaint, InfoLink made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service on behalf of Wesley Financial;

b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations; and

c. Whether Wesley Financial should be enjoined from engaging in such conduct in the future.

34. As a person who received at least one call using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in the Plaintiff has no interests antagonistic to any member of the Class.

35. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Wesley Financial's and its agent's unlawful and wrongful conduct. Absent a class action, the Plaintiff and members of the Class will continue to face the potential for irreparable harm. In addition, these

KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626

violations of law will be allowed to proceed without remedy and Wesley Financial will likely continue such illegal conduct. Because of the size of the individual claims of members of the Class, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.

36. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

37. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Wesley Financial to comply with federal and California law. The interest of members of the Class in individually controlling the prosecution of separate claims against Wesley Financial is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

38. Wesley Financial has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

39. Plaintiff incorporates by reference all of the above paragraphs of this Second Amended Complaint as though fully stated herein.

40. The foregoing acts and omissions of Wesley Financial constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

41. As a result of Wesley Financial's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626

42. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

43. Plaintiff incorporates by reference all of the above paragraphs of this Second Amended Complaint as though fully stated herein.

44. The foregoing acts and omissions of Wesley Financial constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

45. As a result of Wesley Financial's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

46. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the members of the Class the following relief against Wesley Financial:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Wesley Financial's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each member of the Class $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626

KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Wesley Financial's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each member of the Class $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

47. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 31, 2015

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: __/s/ Abbas Kazerounian______
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFF