1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TIMOTHY BARRETT**, Individually and on Behalf of All Others Similarly Situated, <br><br>　　　　　　　　Plaintiff, <br>v. <br><br>**WESLEY FINANCIAL GROUP, LLC,** <br><br>　　　　　　　　Defendant. | **Case No.:** 3:13-cv-00554-LAB-KSC <br><br> <u>**CLASS ACTION**</u> <br><br> **ORDER GRANTING JOINT MOTION FOR INJUNCTIVE RELIEF PURSUANT TO FED. R. CIV. P. 23(b)(2)** |

1  Timothy Barrett ("Plaintiff"), on behalf of himself and the Class Members,
2  and defendant Wesley Financial Group, LLC ("Defendant") (collectively the
3  "Parties"), jointly request entry of an order granting permanent injunctive relief in
4  favor of Plaintiff and the Class Members in this action for alleged violation of 47
5  U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act ("TCPA").

6  Plaintiff alleges that Defendant, through a third party dialing company
7  InfoLink Communications, called Plaintiff and the Class Members on March 1,
8  2013 using an automatic telephone dialing system or prerecorded voice for
9  marketing purposes without prior express consent, in violation of 47 U.S.C. §
10 227(b)(1)(A). *See* Dkt. Nos. 66, 67 and 80. Defendant denies any and all
11 wrongdoing or liability in this action, *see* Dkt. No. 50 and 71, and continues to deny
12 any wrongdoing or liability.

13 The Court has certified this action as a class action under Fed. R. Civ. P.
14 23(b)(2) and Fed. R. Civ. P. 23(b)(3), with the Class Members defined as:

> All persons who, on March 1, 2013, received at least one call made to a number assigned to a cellular telephone service, from InfoLink Communications Group on behalf of Wesley Financial Group, LLC using an automatic telephone dialing system and/or an artificial or prerecorded voice, who were not customers of Wesley Financial Group, LLC, and who were not called for emergency purposes and had not given prior express consent to the call.

Dkt. No. 66.[1]

Section 227(b)(3)(A) of the TCPA expressly provides for injunctive relief prohibiting violations of § 227(b)(1)(A). *See generally, United States v. Laerdal Mfg. Co.*, 73 F.3d 852, 855 (9th Cir. 1995) (noting that "a statutory injunction may be

---

[1] Pending before the Court is Plaintiff's motion for decertification of the statutory damages class, which has been taken under submission. *See* Dkt. No. 86.

imposed when a violation of a statute has been or is about to be committed").

As of October 16, 2013, the Federal Communications Commission now requires "prior express <u>written</u> consent" for prerecorded marketing calls to cellular telephones. *In re Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act*, 27 FCC Rcd. 1830, 1831 (Feb. 15, 2012) (emphasis added); *see also Mogadam v. Fast Eviction Serv.*, 2015 U.S. Dist. LEXIS 49045, *7 (C.D. Cal. Mar. 30, 2015).

Having considered the Parties' joint motion for permanent injunctive relief, the Court hereby GRANTS the joint motion and issues the following permanent injunctive relief, which shall take immediate effect:

> Wesley Financial Group, LLC is prohibited from calling, either directly or indirectly, any cellular telephone number of Plaintiff or the Class Members [a redacted list of the Class Members' cellular telephone numbers is attached as Exhibit 1 to this order] using an automatic telephone dialing system (47 U.S.C. § 227(a)(1)) or artificial or prerecorded voice without their prior express consent if the call is for a non-marketing purpose, or without their prior express written consent if the call involves a marketing purpose.

The Court finds that notice of this permanent injunction need not be provided to the Class Members. *See Zaldivar v. T-Mobile USA, Inc.*, 2009 U.S. Dist. LEXIS 64091, *16 (W.D. Wash. July 10, 2009) ("Notice to class members is optional for a Rule 23(b)(2) class") (citing Fed. R. Civ. P. 23(c)(2)(A)).

**IT IS SO ORDERED**.

Date: February 9, 2016

_____
HON. LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE