# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BARRETT,<br><br>                    Plaintiff,<br><br>   vs.<br><br>WESLEY FINANCIAL GROUP, LLC,<br><br>                    Defendant. | CASE NO. 13cv554-LAB (KSC)<br><br>**ORDER GRANTING MOTION TO SEAL;**<br><br>**ORDER DENYING AS MOOT ADDITIONAL MOTION TO SEAL;**<br><br>**ORDER DECERTIFYING CLASS; AND**<br><br>**ORDER REQUIRING PLAINTIFF'S RESPONSE** |

In this class action, the Court certified two classes: a damages-seeking class under Fed. R. Civ. P. 23(b)(3), and an injunction-seeking class under Rule 23(b)(2). The parties stipulated to an injunction, which the Court has issued.

Plaintiff has filed a redacted motion to decertify the damages-seeking class, along with a motion for leave to file documents under seal. (Docket nos. 75, 76.) The Court has previously addressed the question of whether the question of certification is dispositive and has concluded that it is not, and that therefore the "good cause" standard discussed in *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) applies. (*See* Docket no. 56 at 2:1–11.) The documents to be sealed consist of Wesley Financial Group's financial information (Exhibits A and B) and an unredacted memorandum

of points and authors. A protective order has already been issued with respect to this information. The court agrees that disclosure of Wesley Financial's non-public financial information would result in harm or prejudice to that business.

The redacted motion speaks with enough generality that the public would know the general nature of the facts in the sealed documents, even without knowing the specifics. The information redacted out shows that Wesley's financial situation is such that it could not pay class-wide damages, and a class action is no longer a superior method of adjudicating the damages-seeking class's claims. The Court therefore finds good cause for sealing, and the motion for leave to file documents under seal is **GRANTED**.

A second motion for leave to file documents under seal (Docket no. 81) is still pending. Because the motion those documents pertain to has been withdrawn, the motion to seal is **DENIED AS MOOT**.

Defendant filed a notice of non-opposition to Plaintiff's decertification motion, and agrees that it could not pay damages. The only dispute between the parties is whether the class should be decertified with or without prejudice.

Decisions to certify or decertify classes are normally identified as being with or without prejudice, because they do not involve adjudication of rights or claims. And here, as noted, the Court has determined that the issue of class certification is nondispositive. Courts sometimes specify that decertification is to be without prejudice, but principally when it is expected that a second certification motion may follow in the same case. *See, e.g., In re Apple iPod iTunes Antitrust Litigation*, 2014 WL 6783763, *2 (N.D. Cal., Nov. 25, 2014) (noting that court had decertified the class, but had given leave to renew the certification motion); *Grayson v. 7-Eleven, Inc.*, 2011 WL 2414378, at *6 (S.D. Cal., June 10, 2011) (decertifying class without prejudice to renewal of a motion for class certification). Given the posture of this case, it that is unlikely to happen.

The Court finds Barrett's motion well-taken, **GRANTS** the motion, and **ORDERS** as follows:

    1.    The statutory class, pursuant to Fed. R. Civ. P. 23(b)(3), is hereby

1 **DECERTIFIED**, as the Court finds the "superiority" requirement under Rule 23(b)(3) is no longer satisfied in light of Defendant's poor financial status;

2. The injunctive relief class, pursuant to Fed. R. Civ. P. 23(b)(2), remains **CERTIFIED** (see Docket No. 66); and,

3. The Court finds that notice to the Class Members of class action status is not necessary in this case for an injunctive relief class only, as the Class Members' statutory damages claims are not being released.

With this order, the Court believes the claims in this case have been fully adjudicated. If Plaintiff disagrees, he must file a notice stating what claims remain to be adjudicated, within **seven calendar days of the date this order is issued**. If he does not file such a notice, the Court will assume the remaining claims have all been resolved. Alternatively, the parties may file a joint motion to dismiss the case.

**IT IS SO ORDERED**.

DATED: February 9, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge